IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARCO A. BITETTO,

                Plaintiff,

                              Civil Action No.
                              1:17-CV-0557 (DEP)

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

MARCO A. BITETTO, *Pro se*
44th Avenue
Rensselaer, NY 12144

FOR DEFENDANT:

HON. GRANT C. JAQUITH         KRISTINA D. COHN, ESQ.
Acting United States Attorney for the  Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>DECISION AND ORDER</u>

Plaintiff Marco A. Bitetto, who is proceeding *pro se*, has commenced this action pursuant to 42 U.S.C. § 405(g) challenging a decision rendered in 1994 by a Social Security Administrative Law Judge ("ALJ"), concluding that plaintiff was overpaid supplemental security income ("SSI") benefits based upon his failure to comply with the pre-requisites for receiving those payments. The Acting Commissioner of Social Security has moved to dismiss the plaintiff's complaint based upon his alleged failure to fully exhaust administrative remedies before commencing this action. For the reasons set forth below, defendant's motion is granted, and plaintiff's complaint is dismissed.[1]

I.    <u>BACKGROUND</u>

Plaintiff applied for SSI benefits under Title XVI of the Social Security Act on June 29, 1983. Dkt. No. 11-2 at 3. Plaintiff was ultimately found by the agency to be disabled, and thus eligible for the requested benefits as of that date. *Id.*

In calculating plaintiff's SSI payments, the agency excluded income and resources necessary to fulfill an approved Plan to Achieve Self-

---

[1]    This matter is before me on consent of the parties pursuant to 28 U.S.C. § 636(c). Dkt. No. 4.

Support ("PASS"). Dkt. No. 11-2 at 5. Plaintiff's PASS eligibility, however, was terminated, effective in November 1992, for non-compliance with his PASS plan. *Id.* at 4-5. As a result of that termination, the income and resources associated with the implementation of plaintiff's PASS plan, which were previously exempted in determining his eligibility for SSI benefits, were thereafter factored into the eligibility calculus. *Id.* at 5. The additional income and resources led to a finding that plaintiff was overpaid SSI benefits in the amount of $10,216.00 for the period December 1992 through January 1995, and an additional amount of $6,028.00 for the period of August 1991 through June 1992. *Id.* at 5-6. To recoup the amount of the overpayment, the agency reduced plaintiff's SSI benefits by $50 per month until 2014.[2] *Id.* at 6.

Plaintiff's appeal to an ALJ of the overpayment determination for the period December 1992 through January 1995 was denied on November 22, 1994.[3] Dkt. No. 11-2 at 4. Since receiving the ALJ's decision, plaintiff has not requested review by the Social Security Appeals Council ("SSAC"). *Id.*

---

[2]     It appears from the record now before the court that plaintiff's SSI payments ceased altogether in October 2014. Dkt. No. 1 at 25-27.

[3]     Plaintiff did not challenge the overpayment determination related to the period of August 1991 through June 1992. Dkt. No. 11-2 at 5-6.

II.    <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on or about May 22, 2017, seeking judicial review of the ALJ's determination regarding his overpayment pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. In response to plaintiff's complaint, the Acting Commissioner moved for its dismissal on September 7, 2017, arguing that Bitetto failed to exhaust internal remedies by first requesting review of the ALJ's determination by the SSAC before commencing suit. Dkt. No. 11-1. Defendant's motion, to which plaintiff has not responded, is now ripe for determination, and has been taken on submission.

III.    <u>DISCUSSION</u>

Plaintiff's challenge to the Acting Commissioner's decision is brought pursuant to section 205(g) of the Social Security Act, which is codified at 42 U.S.C. § 405(g). That section provides, in relevant part, as follows:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).[4]  Because section 405(g)

constitutes a waiver by the government of its sovereign immunity, which

would otherwise protect it from suit, it is subject to strict construction.

*Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986); *Randell v. United States*,

64 F.3d 101, 106 (2d Cir. 1995).

      The Social Security Act itself does not define the term "final

decision" as utilized in section 405(g), leaving it to the agency to give

meaning to that term. *Sims v. Apfel*, 530 U.S. 103, 106 (2000). By

regulation, the Commissioner has defined the term "final decision" to

include instances in which the SSAC grants review of a claim, or denies a

claimant's request for review. 20 C.F.R. §§ 404.900(a)(5), 404.955,

404.981; *Sims*, 530 U.S. at 106-07. Under the Commissioner's

regulations, when a claimant fails to request review by the SSAC, there is

no final decision. *Sims*, 530 U.S. at 107. Accordingly, a claimant's failure

to seek review by the SSAC constitutes a failure to exhaust administrative

remedies. *Id.*; *see also Weinberger v. Salfi*, 422 U.S. 749, 765-66 (1975).

---

[4]     Section 405 also provides that an action challenging a decision of the
Commissioner of Social Security may be brought only in accordance with the statute.
42 U.S.C. § 405(h).

The importance of the exhaustion requirement in the context of administrative rulings has been acknowledged by the Supreme Court, which has noted that

> [e]xhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Salfi*, 422 U.S. at 765; *see also Parisi v. Davidson*, 405 U.S. 34, 37 (1972). The requirement of exhaustion of administrative remedies, however, is not an iron-clad bar to bringing a judicial challenge. Instead, it is subject to exception upon a finding of judicial waiver, which is informed by three relevant factors, including (1) whether the claim is collateral to a demand for benefits; (2) whether exhaustion would be futile; and (3) whether the plaintiffs would suffer irreparable harm if required to exhaust their administrative remedies before obtaining relief. *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992). When determining whether a judicial waiver should apply, the court must be guided by the strong policy considerations underpinning the exhaustion requirement and the principal that "[e]xhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. In this instance, none of those three factors favors a finding of judicial waiver.

6

In the documents attached to his complaint, it appears that plaintiff attributes the delay in pursuing his challenge to the SSA's determination that he was overpaid benefits to the fact that, shortly after the ALJ's decision, he became homeless and lost all of his belongings, as well as a guide dog. Dkt. No. 1 at 6. According to plaintiff, who holds a doctoral degree in Cybernetics, Fluid Dynamics, and Mathematics, he remained homeless for a period of ten years and believes it was caused, in large part, by the agency's decision concerning his application for SSI benefits. *Id.* at 6, 15. His complaint, however, contains no further explanation for the twenty-three year delay in seeking review of the ALJ's decision rendered in 1994. Accordingly, plaintiff fails to provide a basis for the court to overlook his failure to seek SSAC review and invoke a judicial waiver to the exhaustion requirement. *See, e.g., Donaldson v. Comm'r of Soc. Sec.*, No. 09-CV-6293, 2009 WL 2045684, at *1 (W.D.N.Y. July 14, 2009) (dismissing the plaintiff's complaint challenging a decision rendered by the ALJ three years prior for failure to exhaust where the plaintiff did not pursue an appeal to the SSAC); *cf. Abbey*, 978 F.2d at 47 ("[D]elay and expense of the administrative . . . process do[es] not excuse compliance with [the exhaustion requirement].")

IV.    <u>SUMMARY AND ORDER</u>

Plaintiff's complaint in this action is subject to dismissal based upon his failure to exhaust available internal administrative remedies, and specifically to request review by the SSAC before commencing this action. Accordingly, it is hereby

ORDERED that plaintiff's complaint in this action is DISMISSED without prejudice to his right to refile after obtaining a final determination from the Acting Commissioner concerning the overpayment decision challenged in his complaint.

Dated:    November 15, 2017
          Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

8